UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
EVAN GEFFNER, on behalf of himself and all others similarly situated,

                              Plaintiff,

- against -

QUANTA SERVICES, INC.,
PHOENIX POWER GROUP, INC.,
EARL C. AUSTIN, Jr., individually,

                              Defendants.
------------------------------------------------------------------------X

Case No. 18-CV-6108

CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff EVAN GEFFNER on behalf of himself and all others similarly situated, by and through his attorneys Derek Smith Law Group, PLLC, complaining of the Defendants QUANTA SERVICES, INC., PHOENIX POWER GROUP, INC. and EARL C. AUSTIN, Jr., individually, alleges upon information and belief as follows:

### INTRODUCTION

1. This lawsuit seeks to recover unpaid overtime compensation for Plaintiff and his similarly situated coworkers who were employed by Defendants.

2. Plaintiff was employed by Defendants from around 2005 until May of 2017.

3. Around April 12, 2016, Defendants changed Plaintiff's employment from a 1099 to a W2 employee, working 35 hours per week at $80.00 per hour.

4. While employed by Defendants, Plaintiff regularly worked over 60 hours per week without ever receiving premium overtime pay. Throughout the relevant period, it was Defendants' policy and practice to deprive Plaintiff of his earned overtime wages. In order to

avoid paying Plaintiff's overtime premiums for the hours he worked in excess of 40 per workweek, Defendants instructed Plaintiff to report that he had only worked 40 hours per week despite the fact that he often worked close to 60 hours per week.  Defendant's practices violated the overtime provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL" or "N.Y. Lab. Law").

5. Plaintiff brings this action on behalf of himself and all similarly situated current and former employees of Defendants who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.,* specifically the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage-and-hour provisions of the FLSA by Defendants that have deprived Plaintiff and others similarly situated of their lawfully earned wages.  Plaintiff seeks permission to give notice of this action pursuant to 29 U.S.C. § 216(b) to all persons who worked for Defendants at any time from three years immediately preceding this action.

6. Plaintiff also brings this action on behalf of himself and all similarly situated current and former employees pursuant to the Federal Rule of Civil Procedure 23 to remedy violations of NYLL Article 6 §§ 190 *et seq.*, and Article 19 §§ 650 *et seq.*, and the supporting New York State Department of Labor regulations.

**JURISDICTION & VENUE**

7. Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq.*, 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

8. This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

9. All or a substantial part of the events or omissions giving rise to the claims herein, including all of the work Plaintiff performed, and Defendants' failure to pay Plaintiff overtime, occurred in New York County, State of New York and within the Judicial District for the Southern District of New York.

10. Additionally, Defendants reside in New York County, State of New York and within the Judicial District for the Southern District of New York

11. Accordingly, this action properly lies in the Southern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### *Plaintiff*

12. Plaintiff, EVAN GEFFNER, is an individual male residing in New Jersey, Bergen county.

13. At all times relevant to the Complaint, Plaintiff, Evan Geffner, was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

14. At all times relevant, Plaintiff, Evan Geffner, was employed by Defendants.

15. Plaintiff has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b). (*See* Exhibit A, annexed hereto).

### *Defendants*

16. At all times hereinafter mentioned, the activities of Defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

17. At all times hereinafter mentioned, Defendants employed employees, including Plaintiff herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

18. Defendants' annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

19. At all relevant times, Defendants maintained control, oversight and direction over Plaintiff and similarly situated employees, including timekeeping, payroll, and other employment practices that applied to them.

20. Defendants applied the same employment policies, practices, and procedures to all employees, including policies, practices, and procedures with respect to payment of overtime compensation.

## FLSA COLLECTIVE ACTION CLAIMS

21. There are approximately more than 40 current and former employees that are similarly situated to Plaintiff who were denied overtime compensation.

22. Plaintiff brings the First Cause of Action, on behalf of himself and all similarly situated persons who have worked for Defendants and who elect to opt-in to this action.

23. Plaintiff represents other employees of Defendants, and is acting on behalf of the interests of those employees, as well as his own interests in bringing this action.

24. Plaintiff seeks to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of himself and the following class of persons:

> All employees employed by Defendants at any time during the 3 years prior to the filing of their respective consent forms (hereinafter referred to as the "Collective Period"), and who worked more than 40 hours per week (hereinafter, the "FLSA Collective").

25. Defendants were aware or should have been aware that the law required them to pay non-exempt employees, including Plaintiff and the FLSA Collective, an overtime premium of one and one-half times their regular rate of pay for all work-hours Defendants suffered or permitted them to work in excess of 40 per workweek. Defendants applied the same unlawful policies and practices to all of its employees.

26. The FLSA Collective is readily identifiable and locatable through use of the Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by the Defendants.

## FEDERAL RULES OF CIVIL PROCEDURE RULE 23
## CLASS ALLEGATIONS

27. Plaintiff sues on his own behalf and as the class representative (hereinafter, the "New York Class Representative") and brings the Second and Third Causes of Action on his own behalf and as a class action, on behalf of those similarly situated, pursuant to Rule 23, sections (a) and (b), of the Federal Rules of Civil Procedure (hereinafter, the "New York Class"). The sub-classes of the New York Class are defined as:

> a. All employees of Defendants who worked more than 40 hours per week, at any time within the 6 years prior to the filing of

5

       this Complaint through the entry of judgment in this matter (hereinafter, the "NYLL Overtime Class").

    b. All employees of Defendants hired at any time from July 5, 2012 through the present, and who were not provided the proper wage notice pursuant to NYLL Section 195(1) (hereinafter, the "Wage Notice Class").

    c. All employees of Defendants employed at any time from July 5, 2012 through the present, and who were not provided the proper wage statement pursuant to NYLL Section 195(3) (hereinafter, the "Wage Statement Class").

28. The persons in the New York Class are so numerous that joinder of all members is impracticable. Although, the precise number of such persons is unknown, and facts upon which the calculation of that number are presently within the sole control of the Defendants, there are approximately more than 40 members of the New York Class.

29. There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a. Whether Defendants unlawfully failed to pay overtime compensation in violation of and within the meaning of the NYLL Article 6, §190 *et seq.*, and the supporting New York State Department of Labor Regulations, 12 N.Y.C.R.R. § 142 *et seq.*;

    b. Whether Defendants' policy of failing to pay employees overtime at the proper rate was instituted willfully or with reckless disregard of the law;

    c. Whether Defendants' unlawfully failed to provide accurate and timely wage notice, pursuant to N.Y. Lab. Law § 195(1);

    d. Whether Defendants' unlawfully failed to provide accurate wage statements, pursuant to N.Y. Lab. Law § 195(3);

    e. The proper measure of damages sustained by the New York Class Representative and the New York Class; and

   f. Whether Defendants should be enjoined from such violations in the future.

30. The New York Class Representative fairly and adequately protects the interests of the New York Class and has no interests antagonistic to the class. The Plaintiff is represented by attorneys who are competent in class litigation, complex litigation and employment litigation and are knowledgeable about the applicable laws relevant hereto.

31. A class is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage-and-hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. The damages sustained by individual class members are small, compared to the expense and burden of individual prosecution of this litigation. Class action treatment will obviate unduly duplicative litigation and the possibility of inconsistent judgments.

32. Further, the New York Class Representative and the New York Class have been equally affected by Defendants' failure to (1) pay overtime wages, (2) provide accurate wage notices, and (3) provide accurate wage statements. Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

33. Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class was a whole.

34. Plaintiff's claims are typical of those of the class. Plaintiff and the New York Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the non-payment of overtime wages, the failure to provide accurate wage notices and statements, and the failure to keep adequate records. The job duties of Plaintiff are typical of those of the class members.

35. The New York Class Representative intends to send notice to all members of the New York Class to the extent required by Rule 23.

## CLASS-WIDE FACTUAL ALLEGATIONS

36. Plaintiff and the members of the FLSA Collective and New York Class (collectively "Class Members") are victims of Defendants' common policy and plan that violated their rights under the FLSA and NYLL by denying them overtime compensation. At all times relevant, Defendants' unlawful policy and pattern or practice was willful.

37. All of the work performed by Class Members was assigned by Defendants and/or Defendants were aware of all the work that Plaintiff and the Class Members performed.

38. Defendants had a policy and pattern or practice to require Plaintiff and Class Members to work in excess of 40 hours per workweek.

39. Defendants agreed to pay each Class Member, including Plaintiff, a certain hourly rate of pay ("regular rate").

40. Defendants paid each Class Member, including Plaintiff, at an "overtime" rate of less than one and one-half times the regular rate for all hours worked over 40 in the workweek. Accordingly, Defendants failed to pay Plaintiff and Class Members one and one-half times their regular rate for all hours worked over 40 in a workweek in violation of the FLSA and NYLL.

41. As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and NYLL. Defendants' policy and pattern or practice includes but is not limited to:

    a. Willfully failing to keep accurate payroll records as required by the FLSA and NYLL;

      b.      Willfully failing to pay its employees, including Plaintiff and Class Members, proper overtime wages for hours that they worked in excess of 40 per workweek;

      c.      Failing to provide accurate wage notices and statements pursuant to N.Y. Lab. Law §§ 195(1) and (3).

42. Defendants were or should have been aware that the FLSA and NYLL required Defendants to pay employees premium overtime pay at one and one-half time their respective regular rate for hours worked in excess of 40 per week.

43. Defendants' failure to pay Plaintiff and the Class Members proper overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

44. Defendants failed to provide Plaintiff and members of the Wage Notice Class with accurate and proper wage notice pursuant to N.Y. Lab. Law § 195(1).

45. Defendants failed to provide Plaintiff and members of the Wage Statement Class with accurate wage statements pursuant to N.Y. Lab. Law § 195(3).

46. Defendants' unlawful conduct has been widespread, repeated, and consistent.

## PLAINTIFF' FACTUAL ALLEGATIONS

47. Plaintiff, Evan Geffner, was an employee of Defendants, working under their direct supervision.

48. Plaintiff was employed by Defendants for approximately two years as a w-2 employee, from 2015 to 2017.

49. Beginning in 2015, Defendants paid Plaintiff a regular rate of approximately $80 per hour.

50. At all times hereinafter mentioned, Plaintiff was required to be paid overtime pay at the statutory rate of one and one-half times the regular rate of pay after he had worked 40 hours in a workweek.

51. During most workweeks throughout Plaintiff's employment, Plaintiff worked approximately between 60 and 70 hours per week.

52. Throughout Plaintiff's employment with Defendants, Defendants failed to compensate Plaintiff for time worked in excess of 40 hours per week at a rate of at least one and one-half times his regular rate.

53. Throughout his employment with Defendants, Defendants failed to provide Plaintiff an accurate wage notice for new hires listing, *inter alia*, Plaintiff's rate of pay and basis for that rate, Plaintiff's overtime pay rate, the designated pay day, and such other information as the commissioner deems necessary.

54. During the relevant period, Defendants required Plaintiff to sign wage notices, which indicated he had only worked 35 hours in a week, when he had in fact worked far in excess of 40 hours in a week.

55. Throughout his employment with Defendants, Defendants failed to furnish Plaintiff with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

56. Defendants willfully disregarded and purposefully evaded record keeping requirements of the FLSA and the NYLL by failing to maintain accurate time sheets, payroll records and post compliance posters.

57. Defendants failed to keep appropriate and accurate payroll and time records as required by federal and state law.

58.     Defendants failed to post appropriate notices informing employees of federal and state laws regarding the requirement to pay overtime premium pay to their employees.

## AS AND FOR A FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF AND THE FLSA COLLECTIVE
## FOR FAILURE TO PAY OVERTIME,
## AN FLSA VIOLATION

59.     Plaintiff, on behalf of himself and the FLSA Collective, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

60.     Plaintiff and the members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

61.     Defendants employed Plaintiff and the members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate the Plaintiff for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times his regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

62.     Defendants failed to keep accurate records of time worked by Plaintiff and the members of the FLSA Collective.

63.     Defendants' violations of the FLSA, as described in this Collective Action Complaint, have been willful and intentional.

64.     Defendants did not make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff and the FLSA Collective.

65.     Because Defendants' violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

66. Plaintiff has expressed his consent to make these claims against the Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

67. As a consequence of the willful underpayment of wages, alleged above, Plaintiff has incurred damages thereby and the Defendants are indebted to him in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF AND THE NYLL OVERTIME CLASS
## FOR FAILURE TO PAY OVERTIME,
## A NYLL VIOLATION

68. Plaintiff, on behalf of himself and the NYLL Overtime Class, re-alleges and incorporates by reference all allegations in all preceding paragraphs.

69. Defendants employed Plaintiff and the members of the NYLL Overtime Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiff and the members of the New York Class for the time worked in excess of 40 hours per week, at a rate of at least one and one-half times their regular hourly rate, in violation of the requirements of NYLL.

70. By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650 *et seq.*; 12 N.Y.C.R.R. § 142 *et seq*.

71. Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiff and the members of the NYLL Overtime Class.

72. Defendants have a policy and practice of refusing to pay overtime compensation to Plaintiff and the members of the NYLL Overtime Class.

73. Defendants' failure to pay overtime compensation to Plaintiff and the members of the NYLL Overtime Class was willful within the meaning of N.Y. Lab. Law § 663.

74. As a consequence of the willful underpayment of wages, alleged above, Plaintiff and the members of the NYLL Overtime Class have incurred damages thereby and the Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

75. Plaintiff, on behalf of himself and the members of the NYLL Overtime Class, seeks recovery of liquidated damages, attorneys' fees, interest, and costs to be paid by the Defendants as provided by the NYLL.

**AS AND FOR THE THIRD CAUSE OF ACTION
ON BEHALF OF PLAINTIFF AND
THE WAGE NOTICE AND STATEMENT CLASSES
FOR VIOLATION OF NOTICE AND RECORD-KEEPING REQUIREMENTS,
A NYLL VIOLATION**

76. Plaintiff, on behalf of himself and the Wage Notice and Wage Statement Classes, re-alleges and incorporates by reference all allegations in all preceding paragraphs

77. Defendants failed to supply Plaintiff and the members of the Wage Notice Class notice as required by N.Y. Lab. Law § 195, in English or in the language identified by Plaintiff and the members of the Wage Notice Class as their primary language, containing Plaintiff's and the members of the Wage Notice Class' rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with N.Y. Lab. Law § 191; the name of the employer; any "doing business as" names

13

used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

78. Defendants failed to supply Plaintiff and the members of the Wage Statement Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

79. Due to Defendants' violations of N.Y. Lab. Law § 195, Plaintiff and members of the Wage Notice and Wage Statement Classes are entitled to damages of $50 for each workweek that Defendants failed to provide Plaintiff and the members of the Wage Notice Class with a wage notice, or a total of $2,500, and damages of $100 for each workweek that Defendants failed to provide Plaintiff and the members of the Wage Statement Class with accurate wage statements, or a total $2,500, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and all others similarly situated, seeks the following relief:

A. That, at the earliest possible time, Plaintiff be allowed to give notice of this action, or that the Court issue such notice, to all persons who are presently, or have at any time during the six

years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, were employed by Defendants. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

      B.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

      C.      Designation of Plaintiff as representative of the Rule 23 Class, and counsel of record as Class Counsel;

      D.      Unpaid overtime pay pursuant to the FLSA and the supporting United States Department of Labor regulations;

      E.      Unpaid overtime pay pursuant to the NYLL;

      F.      Liquidated damages relating to lost wages, as provided for by FLSA § 216(b) and NYLL § 215(d); and

      G.      Pre-judgment interest and post-judgment interest as provided by law;

      H.      Damages of $50 for Plaintiff and the Wage Notice Class for each workweek that Defendants failed to provide Plaintiff with a wage notice, or a total of $2,500, as provided for by N.Y. Lab. Law § 198;

      I.      Damages of $100 for Plaintiff and the Wage Statement Class for each workweek that Defendants failed to provide Plaintiff with accurate wage statements, or a total of $2,500, as provided for by N.Y. Lab. Law § 198;

      J.      Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190 *et seq.*;

      K.      Attorneys' fees and costs of the action;

      L.      Such other injunctive and equitable relief as this Court shall deem just and proper;

Dated: New York, New York
       July 5, 2018

Respectfully submitted,

By: _/s/ Abraham Z. Melamed_
     Abraham Z. Melamed

**DEREK SMITH LAW GROUP, PLLC**
1 Penn Plaza, Suite 4905
New York, New York 10119
Telephone: (212) 587-0760
*Attorneys for Plaintiffs and the*
*Putative FLSA Collective and*
*New York Class*