

September 25, 2019

<u>*VIA ECF*</u>
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

      Re:    **Geffner v. Quanta Services, Inc. et al.**
             Case No. 1:18-cv-06108 (KPF)

Dear Judge Failla:

      This letter, jointly submitted by Plaintiff Evan Geffner ("Geffner") and Defendants Quanta Services, Inc. and Phoenix Power Group, Inc. ("Defendants" and together with Plaintiff, the "Parties"), is provided to the Court to allow the Court to assess whether the proposed settlement in this matter is fair, reasonable, and adequate. The Parties' settlement agreement complies with *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015) and reflects a compromise between the Plaintiff and Defendants. Accordingly, the parties respectfully request that the Court approve the agreement.

      Plaintiff, Evan Geffner, was employed by Defendant Phoenix Power Group, Inc., a subsidiary of Quanta Services, Inc., as a W-2 employee, from on or about May 2, 2016 through May 1, 2017, as an IT Manager. Plaintiff alleges that he was not paid for overtime during his employment with Defendants. Plaintiff brought this action seeking to recover these wages pursuant to the Fair Labor Standards Act and the New York Labor Law. The Defendants maintained that Plaintiff was properly paid for all hours worked and that Plaintiff was an exempt employee pursuant to the Fair Labor Standards Act's computer professional exemption (and possibly other exemptions). In addition to this lawsuit, Plaintiff also filed a Complaint against Defendants in the United States District Court, Southern District of New York alleging discrimination and harassment on the basis of his religion, race, sex, gender and associated disability as well as retaliation in violation of Title VII of the Civil Rights Act of 1964, the New York State Executive Law §296(6) and the New York City Human Rights Law (Civil Action No. Case No. 18-cv-3761). On September 9, 2019, the Parties engaged in private mediation and were successful in achieving a global settlement of the two lawsuits, which apportioned the settlements between the two actions in a fair and reasonable way.

      In this District, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60*, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013)

(*quoting Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). Thus, "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In this case, the factors support approval of the settlement.

The parties have agreed to settle this action for the total sum of $45,000.00. Per the terms of the settlement agreement, the Defendants will make this payment within 10 days of the Court's approval of the settlement agreement. The settlement agreement is the product of much arm's-length bargaining between experienced counsels, and is fair to Plaintiff. Per Plaintiff's rough calculations, Plaintiff's damages for unpaid wages conservatively totaled approximately $50,000 to $80,000. In addition to Defendants' defense that Plaintiff was an exempt employee who was not entitled to overtime pay, Defendants' calculation of alleged unpaid overtime was also substantially less than Plaintiff's estimate as Defendants deny that Plaintiff was working beyond 40 hours per workweek. The settlement amount of $45,000.00 therefore totals a significant portion of the unpaid overtime payment alleged to be owed to Plaintiff, along with alleged liquidated damages. This is a fair settlement as it allows Plaintiff a guarantee payment in 10 days of settlement approval. The Settlement Agreement also enables Plaintiff to secure payment while avoiding the burden and uncertainty of litigation. It is submitted that there are a number of factual and legal disputes between the parties that could ultimately impact Plaintiff being able succeed if this case were to proceed to dispositive motion practice and/or trial. While Plaintiff potentially could have recovered a slightly greater amount than the amount he is settling for, there is also significant risk that he would recover nothing from the Defendants. Thus, this settlement amount is fair, reasonable and adequate.

The parties are cognizant of certain requirements of settlement agreements that purport to settle wage & hour claims under the FLSA and NYLL in light of the Second Circuit's decision in *Cheeks*. At present, the parties have executed a settlement agreement as well as a Stipulation of Dismissal (attached hereto as Exhibits A). First and foremost, the parties have agreed that the settlement amount will not be confidential and the total settlement amount (as well as the amount Plaintiff would ultimately recover himself) would be filed via ECF (which has been done here). The settlement agreement does not contain any provision(s) that would bar Plaintiff from "openly discussing his experiences litigating this wage-and-hour case." *Id.*, at *16; *See Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2015 U.S. Dist. LEXIS 2658, at *3 (S.D.N.Y. Jan. 9, 2015). Additionally, the release provision is not overbroad, and is specifically limited to Plaintiff's FLSA and state/city wage and hour claims asserted in this specific action.

Plaintiff's counsel is seeking reasonable attorneys' fees relating to this action in connection

with the settlement, in the amount of $15,000, totaling 1/3 of the net settlement (attached hereto as Exhibit B). The attorney hours detailed in Exhibit 3 are solely derived from time spent working on the instant action and are separate and distinct from time spent working on the discrimination action. (Civil Action No. Case No. 18-cv-3761). There are likely additional hours attributable in part to the present action, as much of the discovery in both actions was conducted in a joint fashion. However, at even a conservative calculation of hours and a conservative hourly rate, the total attorney's hours detailed in Exhibit 3 (71 hours) exceed the total amount of attorney's fees sought herein ($15,000, which is one third of the net settlement). *See Hugee v. Kimso Apartments, LLC*, —— F.Supp.2d ——, 2012 WL 1096086, at *12 (E.D.N.Y.2012) (determining that reasonable hourly rates are approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates). The hours attributed to attorney Abraham Melamed, Esq., who is a partner with the firm, are approximately 44.3, and the hours attributed to attorney Rachel Allen, Esq., who is a supervising attorney with the firm, are approximately 26.7. Even taking the lowest numbers of the range in *Hugee,* assigned to the conservative estimate of hours, the attorney's fees would approximate $18,630.00. Taking the highest numbers of the range in *Hugee,* assigned to the conservative estimate of hours, the attorney's fees would approximate $28,612.50. As such, Plaintiff's Counsel's request for $15,000 in attorney's fees, which does not exceed 1/3 of the total settlement in the present action, is fair and reasonable.

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair, adequate and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL in light of *Cheeks*. Accordingly, the parties respectfully request that the Court approve the settlement agreement entered into between the parties, and so-order the executed Stipulation of Dismissal and dismiss this action with prejudice.

The parties thank the Court for its time and attention to this matter.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**

By: ____/s/ Abraham Z. Melamed_____
    Abraham Z. Melamed, Esq.
    Rachel A. Allen, Esq.
    Derek Smith Law Group, PLLC
    One Penn Plaza Suite 4905
    New York, New York 10019
    Phone: (212) 587-0760
    *Attorneys for Plaintiff*

*Encl.*

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------x

EVAN GEFFNER, *on behalf of himself, and all*
*other similarly situated.*

                                    Plaintiff,

        -against-                                                          Case No.:  1:18-cv-06108 (KPF)

QUANTA SERVICES, INC.,
PHOENIX POWER GROUP, INC.,
                                    Defendants.

--------------------------------------------------------------------------x

<u>NEGOTIATED SETTLEMENT AGREEMENT AND RELEASE</u>

        Plaintiff Evan Geffner ("Plaintiff") and Defendants Quanta Services, Inc. and
Phoenix Power Group, Inc. ("Defendants" and together with Plaintiff, the "Parties") desire to
settle and resolve fully all wage claims that have been or could have been brought against
Defendants by Plaintiff, and have reached a compromise settlement agreement to dispose of all
such claims, including but not limited to, Plaintiff's claims against Defendants in the lawsuit
captioned *Geffner v. Quanta Services, Inc. et al.* Case No. 1:18-cv-06108 (KPF), pending in the
United States District Court for the Southern District of New York ("Lawsuit"). Therefore, in
consideration of the foregoing, Plaintiff and Defendants agree as follows:

        1.    **Consideration.**  In consideration for Plaintiff's timely signing this Negotiated
Settlement Agreement and Release ("Agreement") and complying with the promises made by
Plaintiff contained in this Agreement, including the release and waiver of claims, Defendants
agree to provide Plaintiff with the total settlement sum of Forty-Five Thousand Dollars and Zero
Cents ($45,000.00) in consideration for and in full satisfaction of all wage claims Plaintiff may
have against Releasees (as defined below), known or unknown, asserted or unasserted, through
the date of his execution of the Agreement.  Such payment shall be apportioned among Plaintiff
and Plaintiff's counsel as follows:

                        (a) Defendants agree to provide Plaintiff, through his counsel, with one check
                            made payable to "Evan Geffner" in the amount of Fifteen Thousand Dollars
                            and Zero Cents ($15,000.00), less applicable taxes and withholdings, in full
                            satisfaction of all Fair Labor Standards Act ("FLSA") and New York Labor
                            Law ("NYLL") claims Plaintiff may have for wages/overtime allegedly owed,
                            which shall be reportable on an IRS Form W-2;

                        (b) Defendants agree to provide Plaintiff, through his counsel, with one check
                            made payable to "Evan Geffner" in the amount of Fifteen Thousand Dollars
                            and Zero Cents ($15,000.00), in full satisfaction of all FLSA and NYLL

claims Plaintiff may have for alleged liquidated damages, penalties and interest, which shall be reportable on an IRS Form 1099; and

(c) Defendants agree to provide Plaintiff, through his counsel, with one check made payable to "Derek Smith Law Group, PLLC" in the amount of Fifteen Thousand Dollars and Zero Cents ($15,000.00), as payment for attorneys' fees and costs, which shall be reportable on dual IRS Forms 1099 issued to Derek Smith Law Group, PLLC and Plaintiff.

(d) The payments set forth above will be sent to Plaintiff's counsel of record within ten (10) days of the latest of the following: (i) Defendants' counsel being in receipt from Plaintiff of an original of this Agreement executed by Plaintiff, including a Stipulation and Order of Final Dismissal with Prejudice executed by Plaintiff's counsel, along with IRS Forms W-9 executed by Plaintiff and Plaintiff's counsel; and (ii) Defendants' counsel being in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

(e) **Indemnification**. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sums set forth in Paragraphs "1(b)" and "1(c)" above. Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed against them in connection with such settlement sums, except for the employer's share of payroll taxes. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or by anyone on their behalf or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

2.    **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3.    **Release of All Wage Claims by Plaintiff.** Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, and their current and former parent companies, subsidiaries, divisions and affiliated entities, and each entity's officers, directors, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, in their individual and official capacities (collectively "Releasees") of and from any wage claims which they may have against Releasees as of the date of execution of this Agreement, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.SC. § 201 et seq.; the New York Minimum Wage Law and all wage orders; the New York Wage and Wage Payment laws, including Sections 190 et seq. of the Labor Law; Article 6 of the New York Labor Law, New York Labor Law § 190 et seq.; any New Jersey wage and hour

2

claims; and any other claim relating to unpaid wages, any claim for costs, fees, or other expenses, including attorneys' fees pertaining to such claims, based upon any conduct occurring from the beginning of time up to and including the date of Plaintiff's execution of this Agreement.

4.    **Acknowledgments and Affirmations.**    Plaintiff affirms that Plaintiff has not filed or caused to be filed, and is not presently a party to any claim against Defendants except for his claims in the Lawsuit, which he agrees to the dismissal of with prejudice, and to U.S. District Court, Southern District of New York Case No. 1:18-cv-03761 (JPO), which is being resolved in a separate agreement.

The Parties acknowledge that this Agreement does not limit any party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency.    To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

5.    **Procedure.**    After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement, Plaintiff on behalf of the Parties will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

6.    **Governing Law and Interpretation.**    This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach.    Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

7.    **Nonadmission of Wrongdoing.**    The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

8.    **Amendment.**    This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

9.    **Entire Agreement.**    This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, except for the separate Negotiated Settlement Agreement and General Release being entered into by the parties simultaneous with this Agreement and resolving Case No. 1:18-cv-03761 (JPO). Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of

3

any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

10.   Counterparts.   This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.  Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH HIS ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH HE AGREES THAT HE HAS DONE.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

EVAN GEFFNER

Dated: **9/15** , 2019

_____
Evan Geffner


QUANTA SERVICES, INC.

Dated: _____, 2019

By: _____


PHOENIX POWER GROUP, INC.

Dated: SEPT. 23 , 2019

By: _____
THOMAS BUCHANAN

4

any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

      10.   **Counterparts.**  This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts.  Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND TO CONSULT WITH HIS ATTORNEY PRIOR TO EXECUTION OF THIS AGREEMENT, WHICH HE AGREES THAT HE HAS DONE.**

**PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL UP TO TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.**

**HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUM SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASEES.**

      The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

EVAN GEFFNER

Dated: _____, 2019          _____
                                Evan Geffner

                                QUANTA SERVICES, INC.

Dated: 9 - 25, 2019          By: _Kim Reddle_____

                                PHOENIX POWER GROUP, INC.

Dated: _____, 2019          By: _____

4

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------x

EVAN GEFFNER, *on behalf of himself, and all*
*other similarly situated.*

                        Plaintiff,

        -against-                                            Case No.: 1:18-cv-06108 (KPF)

QUANTA SERVICES, INC.,
PHOENIX POWER GROUP, INC.,
                        Defendants.

-------------------------------------------------------x

### STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE OF PLAINTIFF'S CLAIMS

        IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Evan

Geffner ("Plaintiff") and Defendants Quanta Services, Inc. and Phoenix Power Group, Inc.

("Defendants") that the Negotiated Settlement Agreement and Release in this matter having been

reviewed by the Court and found to be fair and reasonable, Plaintiff's claims in the above-

captioned action shall be dismissed in their entirety, with prejudice, in accordance with the terms

of the Negotiated Settlement Agreement and Release.

                                        Respectfully submitted,

DEREK SMITH LAW GROUP, PLLC            JACKSON LEWIS P.C.
One Penn Plaza, Suite 4905             666 Third Avenue, 29th Floor
New York, New York 10119               New York, NY 10017
Tel. No. (212) 587-0760                Tel. No. (212) 545-4000

By: _____           By: _____
    Abraham Z. Melamed                     Jason A. Zoldessy
    Rachel Allen                           Godfre O. Blackman

ATTORNEYS FOR PLAINTIFF                 ATTORNEYS FOR DEFENDANTS

Dated: September 25 2019                Dated: September 25, 2019

SO ORDERED on this _____ day of _____, 2019.

_____

Hon. Katherine Polk Failla
United States District Judge

4822-2780-5349, v. 1

# EXHIBIT B

| **Attorney Hours** | **Abraham Melamed** | |
|---|---|---|
| **Date** | **Description** | **Hours Work** |
| 6/29/2019 | start draft of compalint | 1 |
| 7/5/2018 | finalize complaint open case and file it with other docs | 3 |
| 8/3/2018 | Draft and finalize the letter opp to MTD and file it | 3 |
| 9/12/2018 | Prep before, attendance at, and follow up after for initial conference | 5 |
| 10/12/2019 | Call with Geffner to follow up and work on complaint amendment | 2 |
| 10/16/2018 | reviewed facts for first amended complaint and draft them into facts | 2 |
| 10/16/2018 | looked through glassdoor dand captured postings for pleadings in complaint, dra | 4 |
| 10/19/2018 | finalize and file first amended complaint | 1 |
| 12/24/2018 | review motion to dismiss throughly and work on amended complaint with client | 3 |
| 12/27/2018 | research for MTD and determine to amend rather than oppose | 1 |
| 12/28/2019 | confer with counsel on amending again and then draft letter to court etc. | 3.15 |
| 1/8/2019 | fact gathering with client and drafting new facts for amended complaint | 5 |
| 1/11/2019 | talk to Doug and get info and draft amended complaint | 4 |
| 2/13/2019 | call with outside counsel and work on conditional cert/making decision on what | 1.15 |
| 2/14/2019 | review of docs from client etc. in prep for exchange re mediation | 1 |
| 5/29/2019 | review, edits and finalize doc demands and interogatories | 2 |
| 5/30/2019 | Review def. doc demands and roggs | 1 |
| 6/28/2019 | review and finalize responses to defendants demands and serve them | 2 |

|  | **Total Hours:** | **44.3** |
|---|---|---|

| **Attorney Hours** | **Rachel Allen** | |
|---|---|---|
| **Date** | **Description** | **Hours Work** |
| 5/19/2019 | Review case file & ECF docket | 3.2 |
| 5/19/2019 | Draft and send discovery requests | 1.8 |
| 5/31/2019 | Draft & file Notice of Appearance | 0.2 |
| 5/31/2019 | Conference Call w/ defense re discovery | 0.3 |
| 5/31/2019 | Email correspondence w/ defense re discovery | 0.2 |
| 6/28/2019 | Draft discovery responses | 1.8 |
| 6/28/2019 | Review Defendants Discovery | 2.4 |
| 7/3/2019 | Conference Call w/ defense re depositions | 0.3 |
| 7/9/2019 | Prepare with client for deposition | 2.0 |
| 7/15/2019 | Attended Plaintiff's Deposition | 9.0 |
| 7/15/2019 | Draft and send Plaintiff's HIPAAs | 0.4 |
| 7/16/2019 | Draft and send deficiency letter | 1.2 |
| 7/22/2019 | Conference Call w/ defense re discovery | 0.4 |
| 8/7/2019 | Conference Call w/ defense re mediation | 0.2 |
| 8/19/2019 | Review letter to court re discovery extension | 0.2 |
| 9/3/2019 | Draft and send Mediation Statement | 1.1 |
| 9/6/2019 | Prepare with client for mediation | 2.0 |

|  | **Total Hours:** | **26.7** |
|---|---|---|

|  | **Total Attorneys Hours** | **71** |
|---|---|---|