

September 25, 2019

*VIA ECF*
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

MEMO ENDORSED

    Re:    **Geffner v. Quanta Services, Inc. et al.**
                Case No. 1:18-cv-06108 (KPF)

Dear Judge Failla:

      This letter, jointly submitted by Plaintiff Evan Geffner ("Geffner") and Defendants Quanta Services, Inc. and Phoenix Power Group, Inc. ("Defendants" and together with Plaintiff, the "Parties"), is provided to the Court to allow the Court to assess whether the proposed settlement in this matter is fair, reasonable, and adequate. The Parties' settlement agreement complies with *Cheeks v. Freeport Pancake House Inc.*, 796 F.3d 199 (2d Cir. 2015) and reflects a compromise between the Plaintiff and Defendants. Accordingly, the parties respectfully request that the Court approve the agreement.

      Plaintiff, Evan Geffner, was employed by Defendant Phoenix Power Group, Inc., a subsidiary of Quanta Services, Inc., as a W-2 employee, from on or about May 2, 2016 through May 1, 2017, as an IT Manager. Plaintiff alleges that he was not paid for overtime during his employment with Defendants. Plaintiff brought this action seeking to recover these wages pursuant to the Fair Labor Standards Act and the New York Labor Law. The Defendants maintained that Plaintiff was properly paid for all hours worked and that Plaintiff was an exempt employee pursuant to the Fair Labor Standards Act's computer professional exemption (and possibly other exemptions). In addition to this lawsuit, Plaintiff also filed a Complaint against Defendants in the United States District Court, Southern District of New York alleging discrimination and harassment on the basis of his religion, race, sex, gender and associated disability as well as retaliation in violation of Title VII of the Civil Rights Act of 1964, the New York State Executive Law §296(6) and the New York City Human Rights Law (Civil Action No. Case No. 18-cv-3761). On September 9, 2019, the Parties engaged in private mediation and were successful in achieving a global settlement of the two lawsuits, which apportioned the settlements between the two actions in a fair and reasonable way.

      In this District, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." *Lliguichuzhca v. Cinema 60*, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013)

(*quoting Crabtree v. Volkert, Inc.*, 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). Thus, "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (quoting *Le v. SITA Info. Networking Computing USA, Inc.*, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (quoting *Medley v. Am. Cancer Soc.*, No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In this case, the factors support approval of the settlement.

The parties have agreed to settle this action for the total sum of $45,000.00. Per the terms of the settlement agreement, the Defendants will make this payment within 10 days of the Court's approval of the settlement agreement. The settlement agreement is the product of much arm's-length bargaining between experienced counsels, and is fair to Plaintiff. Per Plaintiff's rough calculations, Plaintiff's damages for unpaid wages conservatively totaled approximately $50,000 to $80,000. In addition to Defendants' defense that Plaintiff was an exempt employee who was not entitled to overtime pay, Defendants' calculation of alleged unpaid overtime was also substantially less than Plaintiff's estimate as Defendants deny that Plaintiff was working beyond 40 hours per workweek. The settlement amount of $45,000.00 therefore totals a significant portion of the unpaid overtime payment alleged to be owed to Plaintiff, along with alleged liquidated damages. This is a fair settlement as it allows Plaintiff a guarantee payment in 10 days of settlement approval. The Settlement Agreement also enables Plaintiff to secure payment while avoiding the burden and uncertainty of litigation. It is submitted that there are a number of factual and legal disputes between the parties that could ultimately impact Plaintiff being able succeed if this case were to proceed to dispositive motion practice and/or trial. While Plaintiff potentially could have recovered a slightly greater amount than the amount he is settling for, there is also significant risk that he would recover nothing from the Defendants. Thus, this settlement amount is fair, reasonable and adequate.

The parties are cognizant of certain requirements of settlement agreements that purport to settle wage & hour claims under the FLSA and NYLL in light of the Second Circuit's decision in *Cheeks*. At present, the parties have executed a settlement agreement as well as a Stipulation of Dismissal (attached hereto as <u>Exhibits A</u>). First and foremost, the parties have agreed that the settlement amount will not be confidential and the total settlement amount (as well as the amount Plaintiff would ultimately recover himself) would be filed via ECF (which has been done here). The settlement agreement does not contain any provision(s) that would bar Plaintiff from "openly discussing his experiences litigating this wage-and-hour case." *Id.*, at *16; *See Camacho v. Ess-A-Bagel, Inc.*, No. 14 Civ. 2592 (LAK), 2015 U.S. Dist. LEXIS 2658, at *3 (S.D.N.Y. Jan. 9, 2015). Additionally, the release provision is not overbroad, and is specifically limited to Plaintiff's FLSA and state/city wage and hour claims asserted in this specific action.

Plaintiff's counsel is seeking reasonable attorneys' fees relating to this action in connection

2

with the settlement, in the amount of $15,000, totaling 1/3 of the net settlement (attached hereto as Exhibit B). The attorney hours detailed in Exhibit 3 are solely derived from time spent working on the instant action and are separate and distinct from time spent working on the discrimination action. (Civil Action No. Case No. 18-cv-3761). There are likely additional hours attributable in part to the present action, as much of the discovery in both actions was conducted in a joint fashion. However, at even a conservative calculation of hours and a conservative hourly rate, the total attorney's hours detailed in Exhibit 3 (71 hours) exceed the total amount of attorney's fees sought herein ($15,000, which is one third of the net settlement). *See Hugee v. Kimso Apartments, LLC*, —— F.Supp.2d ——, 2012 WL 1096086, at *12 (E.D.N.Y.2012) (determining that reasonable hourly rates are approximately $300–$450 for partners, $200–$325 for senior associates, and $100–$200 for junior associates). The hours attributed to attorney Abraham Melamed, Esq., who is a partner with the firm, are approximately 44.3, and the hours attributed to attorney Rachel Allen, Esq., who is a supervising attorney with the firm, are approximately 26.7. Even taking the lowest numbers of the range in *Hugee,* assigned to the conservative estimate of hours, the attorney's fees would approximate $18,630.00. Taking the highest numbers of the range in *Hugee,* assigned to the conservative estimate of hours, the attorney's fees would approximate $28,612.50. As such, Plaintiff's Counsel's request for $15,000 in attorney's fees, which does not exceed 1/3 of the total settlement in the present action, is fair and reasonable.

In light of the foregoing, the parties respectfully submit that the proposed settlement amount is fair, adequate and reasonable, and further, that the terms of the settlement agreement comport with the requirements under the FLSA and NYLL in light of *Cheeks*. Accordingly, the parties respectfully request that the Court approve the settlement agreement entered into between the parties, and so-order the executed Stipulation of Dismissal and dismiss this action with prejudice.

The parties thank the Court for its time and attention to this matter.

Respectfully submitted,

**DEREK SMITH LAW GROUP, PLLC**


By: ___/s/ Abraham Z. Melamed_____
    Abraham Z. Melamed, Esq.
    Rachel A. Allen, Esq.
    Derek Smith Law Group, PLLC
    One Penn Plaza Suite 4905
    New York, New York 10019
    Phone: (212) 587-0760
    *Attorneys for Plaintiff*


*Encl.*

Application GRANTED. The Court has reviewed the settlement documents for fairness in accordance with the FLSA and Second Circuit law, see, e.g., *Cheeks v. Freeport Pancake House*, 796 F. 3d 199 (2d Cir. 2015), *Lopez v. Nights of Cabiria*, 96 F. Supp. 3d 170 (S.D.N.Y. 2015), and *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012), and finds that the proposed judgment is fair. The Court notes that the attorneys' fees, provided for in this letter, were calculated using the percentage method and represent one third of the total judgment amount. The Court has concluded that the terms are fair and reasonable. It should be noted, however, that the Court is not in this endorsement opining specifically on the reasonableness of the rates charged by the attorneys and paralegals representing Plaintiff.

Accordingly, the settlement is approved, and the Clerk of Court is directed to terminate all pending motions, adjourn all remaining dates, and close this case. The Court will also so-order separately the stipulation of dismissal submitted by the parties.

Dated:     September 25, 2019
           New York, New York

SO ORDERED.

*Katherine Polk Failla* (signature)

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE